## HULL *v.* THE BREARLEY RUN DRAINING ASSOCIATION.

DRAINING ASSOCIATION.—*Action to Collect Assessment.—Contract to Avoid Threatened Litigation.—Pleading.—Lien.—Practice.—Motion to Make Specific.*—In an action by a draining company, against the owner of certain real estate, to collect a certain sum, as benefits alleged to have resulted from the construction of a certain drain, the complaint alleged, that the defendant was the owner of such real estate, " upon which the plaintiff had a lien for the payment of assessments of benefits resulting to said real estate from the construction of " said drain; that the plaintiff was about to enforce such lien, when, upon the promise of the defendant that, if suit to enforce was not brought, he would pay the same on demand, the plaintiff waived its right to such lien; and that, upon demand for the amount due, the defendant had refused to pay the same.

*Held*, on demurrer, that the complaint is sufficient.

*Held*, also, that the averment as to such a lien should, on motion therefor, have been made more specific.

From the White Circuit Court.

*A. W. Reynolds* and *E. W. Sellers*, for appellant.

*J. H. Wallace* and *M. M. Sill*, for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellant, as defendant, in this action, in the court below.

Appellee's complaint was in two paragraphs.

In the first paragraph, it was alleged, that the appellant was indebted to the appellee in the sum of $211.60, for work and labor done by the appellee for the appellant.

In the second paragraph, the appellee said, that, on or about the 30th day of January, 1873, the appellant was the owner of certain real estate, particularly described, in White county, Indiana, upon which the appellee had a lien for the payment of assessments of benefits, resulting to said real estate from the construction of the works of the appellee, amounting to the sum of $235.60, which lien the appellee was about to enforce against said real estate by suit to foreclose, in the court below, at its February term, 1873; that the appellant then promised the appellee, that, if the appellee would not commence such suit to enforce its said lien against said real estate, the appellant would, when requested by appellee, pay the appellee the amount of said assessment, or so much thereof as might be necessary to pay the cost of construction, and the appellee's expenses in and about the construction of appellee's works, under the law in such cases made and provided; that the appellee, relying upon the appellant's good faith in making said promise, waived its right to enforce its said lien, and afterward found that the just and ratable proportion of the costs and expenses of the appellee, due from the said assessment on appellant's said real estate, was the sum of $211.60, which the appellee then demanded of the appellant, and requested him to pay the same, but that the appellant had failed, neglected, and refused so to do. Wherefore the appellee demanded judgment for $300.00, and for all proper relief.

The appellant demurred to the second paragraph of appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was

overruled by the court below, and to this decision the appellant excepted.

And the appellant then answered the complaint, by a general denial thereof.   The cause was tried by a jury in the court below, and a verdict was returned for the appellant, assessing its damages in the sum of $245.54.   Appellant's motion for a new trial having been overruled, and his exception saved to such ruling, the court below rendered judgment on the verdict, in favor of the appellee and against the appellant, from which judgment this appeal is now prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the court below :

1. In overruling his demurrer to the second paragraph of the appellee's complaint ; and,

2. In overruling his motion for a new trial.

In their argument of this cause, in this court, the appellant's attorneys " insist, that the second paragraph of the complaint is bad," because, they say, it " does not state the facts constituting the lien, but simply states that they had a lien."   It seems to us that this objection is not well taken. If the appellant desired to have the second paragraph of the complaint made more specific, definite and certain in its statement of the facts constituting the alleged lien, he should have moved the court below for an order requiring the appellee to make this paragraph more specific in this regard. His demurrer to this paragraph, in legal effect, admitted that the appellant had a lien on his real estate, as alleged in said paragraph, and did not question the sufficiency of the facts constituting such lien.

The appellee alleged, in the second paragraph of its complaint, that it was about to enforce its lien on the appellant's real estate, by a suit in the court below, at its February term, 1873, when the appellant promised, that, if the appellee would not commence such suit, he would pay the appellee the amount of his said assessment, etc.   Appellant's counsel now insist, as we understand their argument, that the demur-

rer should have been sustained to this second paragraph of the complaint, because, they say, it was not alleged therein, that appellee did not commence such suit to enforce said lien. It was alleged in said paragraph, that the appellee, relying upon appellant's good faith in making said promise, waived its right to enforce its said lien, etc. If the appellee waived its right to sue, it certainly did not sue. This suit was not brought until nearly two years after the said February term, 1873.

In our opinion, the court below did not err in overruling the appellant's demurrer to the second paragraph of appellee's complaint.

In their brief of this cause, in this court, appellant's counsel have not even alluded to the alleged error of the court below, in overruling the motion for a new trial. We therefore regard this alleged error as waived. In our opinion, there is no merit in this appeal.

The judgment is affirmed, with ten per centum damages, at the costs of the appellant.